M. MORRISON, Appellant, v. SPRINGFIELD ENGINE & THRESHER COMPANY, Appellee.

1. **Action Upon Judgment for Return of Attached Property.** Where in an action aided by attachment judgment was rendered, ordering the return of the attached property, or the payment of its value as found therein to the attachment defendant, *held*, that, upon the refusal of the attachment plaintiff to perform the order of the court, an action would lie against it for the value of the attached property as found by the court.

2. **Practice in Supreme Court**: MOTION: NOTICE. A motion to dismiss an appeal, upon the ground that the fees of the clerk of the district court have not been secured by the appellant, will not be considered by the supreme court where it does not appear that a copy of such motion has been served upon the appellant.

*Appeal from Osceola District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, FEBRUARY 9, 1892.

ACTION at law to recover of the defendants the sum of one thousand, seven hundred and sixty-five dollars upon an attachment bond. There was a trial by jury. The plaintiff introduced his evidence, and the court, on motion of the defendant, instructed the jury to return a verdict for the defendant, which was done, and a judgment was rendered thereon. The plaintiff appeals.. *Reversed.*

*D. D. McCallum*, for appellant.

*C. M. Brooks* and *O. J. Clark*, for appellee.

ROTHROCK, J.—I. It appears from the record that in the year 1885 the defendant, the Springfield Engine & Thresher Company, commenced two actions against Henry C. Schroeder and Julius Worth. Attachments were issued in the cases, and a levy was made upon a steam threshing machine. The said causes were consolidated. The defendants then set up a counter-claim for damages for wrongfully suing out the writs of attachment. There was a trial by jury, which resulted in a verdict and judgment for the defendants for fifteen dollars damages for wrongfully suing out the writs and levying upon the property. The judgment also included the sum of sixty dollars attorney's fees and one hundred and seventy-two dollars and fifteen cents costs. The judgment entry in that case, in addition to the above specified judgment, contains the following provision: "And it is hereby further ordered and adjudged that the plaintiff cause to be returned to the defendant all property under such attachment proceedings, or in case the same cannot be returned, then that the said defendants have and recover of and from the plaintiff the value of the several articles so taken as follows, to-wit: One water tank, valued at ten and no one-hundredths dollars; one Springfield engine and thresher, valued at seventeen hundred and sixty-five dollars." This judgment was rendered in the year 1886. On the ninth day of September, 1889, the said Henry Schroeder and Julius Worth assigned the said judgment to the plaintiff in this action. The judgment proper—that is, the fifteen dollars damages and the sixty dollars attorney's fees—was paid soon after the judgment was rendered, and long before the assignment to the plaintiff. This action is to recover the value of the threshing

<span style="float:left">1. ACTION upon judgment for return of attached property.</span>

machine, and it is alleged in the petition that the threshing machine has never been returned to Schroeder or Worth or to the plaintiff, their assignee, and that the Springfield Engine & Thresher Company refused, and still refuses, to return the same.

The defendants answered, in substance, that the thresher company held a mortgage upon the machine for the purchase money, and that the reason the said machine was not delivered to Schroeder and Worth was that they refused to receive the same, and consented that it be sold by the thresher company, and the proceeds applied upon the mortgage. That said machine was sold, and the balance due on said machine is now in judgment in favor of the thresher company against said Schroeder and Worth. The plaintiff, in a reply, denies that Schroeder or Worth waived the return of the machine, or gave the defendants permission to sell the same, and avers that the said mortgage was waived and released by the thresher company. The plaintiff introduced in evidence the record entries of the consolidated case above mentioned, including that part of the judgment above set out, and a stipulation in these words: "That it is agreed, that on the eighteenth day of November, 1885, the Springfield Engine & Thresher Company commenced suit, aided by attachment, in this court against Henry C. Schroeder and Julius Worth; that said Springfield Engine & Thresher Company directed and instructed the sheriff of Osceola county to levy the said writ of attachment on the said threshing machine, the same being the threshing machine described in the said mortgage and plaintiff's petition; that, pursuant to said instructions of the Springfield Engine & Thresher Company, the said sheriff did levy said writ of attachment upon the said threshing machine, and deliver the same to the Springfield Engine & Thresher Company. Both parties reserve the objections to said fact as irrelevant and immaterial." No other evidence was introduced.

The court appears to have been of the opinion that the plaintiff is not entitled to recover, because all the damages to which his assignors are entitled were adjudicated and recovered in the consolidated action; and it is insisted in behalf of the appellee that the recovery now sought was adjudicated and determined, and the damages paid, and that, as the plaintiff bases his right to recover on what he claims is a judgment, and no action can be brought on a judgment within fifteen years after the rendition thereof without leave of the court, for good cause shown (Code sec. 2521), the action in this case is not really upon a judgment. The order in reference to the thresher is conditional. It provides for the return of the machine or the payment of the value of it, and it fixes the value. It is not in such condition that an execution could be issued thereon to collect the money. It was in the alternative. As shown by the stipulation which was introduced in evidence, the sheriff, when he levied the attachment on the machine, delivered it to the defendant, the thresher company. This was an unusual proceeding; but it must have been so understood by the court and the parties when the judgment was rendered in the attachment suit. The possession of the machine in the company was recognized by the court in the order for its return. The defendant cannot excuse the return on the ground that the possession was in the sheriff, because the whole record shows that the possession was in the thresher company. Now, it is evident that the defendant cannot be allowed to keep the machine and refuse to pay its value if it has no other defense than that the matter has been adjudicated. Adjudication is one thing, but a satisfaction of the adjudication is quite another matter. It may be, as the defendant pleads, that the arrangement was made by which the machine was sold and the proceeds applied on the purchase money, and that the plaintiff's assignors were indebted to the thresher company by

note and mortgage and judgment in a large amount, as they claim; but under the order the machine was to be returned, and, in case it could not be returned, the company was to pay its value. It appears to us that it was incumbent on the defendant to introduce and establish the defense pleaded. It may be that the claim made by the plaintiff is entirely unfounded when the facts are shown; and, from the manner in which the case appears to have been tried in the court below, we suspect that the learned district judge was governed in his decision by something which does not appear in this record. The fact is that we have rarely had an appeal where the real questions in the case were so obscurely presented as they are in this case. If Schroeder and Worth purchased the machine on credit, and gave their notes for the purchase money, neither they nor their assignee can recover the value of the machine unless they pay the purchase money. This is the question, and it should have been so presented by pleading and evidence in the district court.

II. A motion was submitted with the case by which it is sought to dismiss the appeal because the 2. PRACTICE in supreme court: motion: notice. appellant did not secure the fees of the clerk of the district court. It does not appear that a copy of this motion was served on the appellant's counsel, and for that reason we cannot consider it. The judgment of the district court is REVERSED.